UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
SYNEAD NICHOLS,

                                    Plaintiff

   -against-

THE CITY OF NEW YORK; New York City Police Sergeant MARK CASANOVA (Shield No. 1168); New York City Police Officer MELISSA MORGANTE (Shield No. 9398); New York City Officer DURANGO; New York City Police Officers "JOHN and/or JANE DOES" 1, 2, 3, ETC. (whose identity are unknown but who are known to be personnel of the New York City Police Department), all of whom are sued in their individual capacity,

                                   Defendants.
------------------------------------------------------------------- X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff SYNEAD NICHOLS, by her attorneys, Beldock Levine & Hoffman LLP, as and for her complaint against the defendants, alleges as follows:

**PRELIMINARY STATEMENT**

1. This civil rights action seeks redress under 42 U.S.C. § 1983 and New York State law for injuries plaintiff suffered from the unconstitutional conduct of defendants THE CITY OF NEW YORK, and New York City Police Sergeant MARK CASANOVA (Shield No. 1168) and New York City Police Officers MELISSA MORGANTE (Shield No. 9398), DURANGO, and "JOHN and/or JANE DOES" 1, 2, 3, etc.

2. Plaintiff seeks (i) compensatory damages for, *inter alia*, physical injuries, false imprisonment, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations

from well-settled constitutional law; and (iii) such other and further relief, including costs and attorney's fees, as this Court deems equitable and just.

## JURISDICTION

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

4. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy.

## VENUE

5. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to plaintiff's claims took place.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action on each and every one of her claims for which jury trial is legally available.

## THE PARTIES

7. Plaintiff SYNEAD NICHOLS is a citizen of the United States and the State of New York, and was at all times relevant to this complaint a resident of New York County, City, and State.

8. Defendant THE CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.

9. The City is authorized by law to maintain a police department, and does maintain the New York City Police Department ("NYPD"), which acts as its agent in the area of law

enforcement and for which it is ultimately responsible.  The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

10. Defendant Police Sergeant MARK CASANOVA (Shield No. 1168) and Officers MELISSA MORGANTE (Shield No. 9398), DURANGO, and "JOHN and/or JANE DOES" 1, 2, 3, ETC. are NYPD Police Officers who unlawfully detained and arrested plaintiff without suspicion of any illegal activity, used excessive force in the process of her arrest, and lodged false criminal charges against her.

11. Upon information and belief, defendants MORGANTE, CASANOVA, DURANGO, and DOES are still NYPD Police Officers.

12. At all times relevant herein, defendants MORGANTE, CASANOVA, DURANGO, and DOES have acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

13. At all times relevant herein, defendants MORGANTE, CASANOVA, DURANGO, and DOES violated clearly established rights and standards under the Fourth and Fourteenth Amendments to the United States Constitution, of which a reasonable police officer in their circumstances would have known.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

14. Plaintiff served a Notice of Claim upon the City of New York within ninety days of the events giving rise to her claims

15. Plaintiff attended a hearing pursuant to section 50-h of the New York General Municipal Law on July 8, 2015.

16. More than thirty days have elapsed since plaintiff served her Notice of Claim and the City has not offered adjustment or payment of her claim.

17. This action is filed within one year and ninety days of the events giving rise to the plaintiff's claims.

## STATEMENT OF FACTS

18. Plaintiff is a lifelong New York City resident who, at all times relevant to this complaint, was 23-years-old.

19. In the early morning hours of January 19, 2015, plaintiff and her cousin hailed a cab in Greenwich Village.

20. Plaintiff informed the driver that they were going to Harlem and that there would be two stops: first, her cousin's home, and then plaintiff's home, which was approximately five blocks from the first stop.

21. Approximately 15 minutes later, they arrived at plaintiff's cousin's home.

22. The driver insisted on full payment of the fare after arriving at plaintiff's cousin's home, in violation of New York City Taxi & Limousine Commission Rules § 54-17(a)(3).[1]

23. Plaintiff told the driver that she would pay the full fare once they arrived at her home, which was approximately five blocks away.

24. Plaintiff's cousin exited the cab and entered her apartment building.

25. After plaintiff's cousin exited the cab, the driver again insisted on payment.

26. Plaintiff repeated that she would pay the full fare once they reached her home and provided the driver with directions.

---

[1] "A Driver must not collect or attempt to collect separate fares from individual Passengers who have shared a Taxicab or Street Hail Livery for part or all of a trip unless such fares are specifically authorized as part of a Group Riding program established by the Commission."

27.     The driver said, in sum and substance, "You have to pay me now."

28.     Plaintiff responded, in sum and substance, "I'll pay you at the final destination, it's right around the corner."

29.     The driver then locked the doors and said, in sum and substance, "If you're not going to pay me I'm taking you to the police."

30.     Plaintiff pleaded with the driver to take her home and showed him that she had enough cash to cover the entire fare, as well as a credit card.

31.     At approximately, 5:15 A.M., the cab driver took plaintiff to the 32nd Precinct.

32.     After arriving at the 32nd Precinct, the driver exited the car and approached several police officers who were standing outside the precinct.

33.      Plaintiff remained inside the cab.

34.     As Defendant MORGANTE approached the cab, plaintiff rolled down her window.

35.     Defendant MORGANTE ordered plaintiff out of the car.

36.     Plaintiff complied with Defendant MORGANTE's order.

37.     Plaintiff explained to Defendant MORGANTE what had happened and said that she just wanted to go home.

38.     Defendant MORGANTE responded, in sum and substance, "Why don't you just pay the driver?"

39.     Plaintiff responded, in sum and substance, "I have no problem paying him, but this isn't the destination that we agreed upon. I'll pay him once we get to my home."

40.     Defendant MORGANTE responded that if plaintiff did not pay the driver, she would be charged with theft of services.

41. Plaintiff responded, in sum and substance, "I will pay him once we reach the final destination, my home."

42. At approximately this time, several officers, including Defendant CASANOVA, approached plaintiff.

43. Officers, including Defendant CASANOVA and JOHN DOES, then forcefully grabbed plaintiff's right arm and yanked it behind her back causing severe pain to her arm and shoulder.

44. Defendant CASANOVA and other officers placed handcuffs, very tightly, on plaintiff.

45. Defendants MORGANTE, CASANOVA, and DOES grabbed plaintiff by her arms, lifted her off the ground, and carried her into the precinct.

46. Plaintiff experienced severe pain in her right arm and shoulder from the excessive force the officers used in handcuffing her and carrying her into the precinct.

47. Defendant MORGANTE, signed the criminal complaint charging plaintiff with one count of Theft of Services, in violation of New York Penal Law 165.15(3) and one count of Obstructing Governmental Administration in the Second Degree, in violation of New York Penal Law 195.05.

48. Inside the precinct, officers took plaintiff into a room where they searched her and shackled her feet.

49. At approximately this time, plaintiff stated that she needed to go to the hospital.

50. The officers ignored plaintiff's request to go to the hospital.

51. Plaintiff made several more requests to be taken to the hospital.

52. Defendants continued to ignore plaintiff.

53. Plaintiff was eventually placed in a cell.

54. Once inside the cell, plaintiff again requested that she be taken to the hospital.

55. Approximately two hours after plaintiff was arrested, she was taken to Harlem Hospital by Defendants MORGANTE and CASANOVA.

56. At the hospital, plaintiff sat in the Emergency Room waiting area with her hands cuffed and feet shackled.

57. Eventually, Defendants MORGANTE and CASANOVA removed one of the cuffs from the plaintiff's wrist and secured it to a bed railing.

58. While at the hospital, defendants MORGANTE and CASANOVA refused plaintiff's several requests to use the restroom and make a phone call.

59. After several hours, plaintiff was seen by a doctor who examined her arm.

60. Following the examination, at approximately 12:00 P.M., plaintiff was returned to the 32nd Precinct.

61. At approximately 1:00 P.M., plaintiff was taken to Central Booking.

62. At Central Booking, plaintiff was searched and placed in a holding cell.

63. Plaintiff was arraigned at approximately 9:00 P.M. and released on her own recognizance.

64. Plaintiff was scheduled to work on January 19, 2015, but as a result of her arrest, plaintiff missed her shift.

65. In late May 2015, all charges against plaintiff were dismissed, upon information about belief, on the motion of the District Attorney.

66. Plaintiff was forced to appear in court on approximately three occasions to fight the charges between January and May 2015.

67. Plaintiff missed approximately three additional days of work due to court appearances.

68. As a result of the defendants' conduct, plaintiff sustained loss of liberty, loss of income, emotional and psychological pain, embarrassment, humiliation, harm to her reputation, and deprivation of her constitutional rights.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – Individual Defendant Officers' Violations of**
**Plaintiff's Fourth and Fourteenth Amendment Rights**

69. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

70. In committing the acts and omissions complained of herein, defendants MORGANTE, CASANOVA, DURANGO, and DOES, acting alone and in concert, and under color of state law, deprived plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

   a. the right to be free from unreasonable search and seizure;

   b. the right to be free from arrest without probable cause;

   c. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion, or legal justification, and of which detention plaintiff was aware and to which she did not consent;

   d. the right to be free from the lodging of false criminal charges against her by police officers; and

   e. the right to be free from deprivation of liberty without due process of law.

71. In committing the acts and omissions complained of herein, defendants MORGANTE, CASANOVA, DURANGO, and DOES breached their affirmative duty to

intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

72. As a direct and proximate result of defendants MORGANTE, CASANOVA, DURANGO, and DOES deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

73. The unlawful conduct of defendants MORGANTE, CASANOVA, DURANGO, and DOES was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### Violations of the New York State Constitution

74. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

75. Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 11, and 12, and including the following rights:

   a. freedom from unreasonable search and seizure of her person and property;

   b. freedom from arrest without probable cause;

   c. freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;

   d. freedom from the lodging of false charges against her by police officers and prosecutors, including on information and belief, by some or all of the individual defendants; and

   e. freedom from deprivation of liberty without due process of law.

76. As a direct and proximate result of defendants' deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, plaintiff suffered the injuries and damages set forth above.

## THIRD CAUSE OF ACTION
### False Imprisonment

77. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

78. Defendants MORGANTE, CASANOVA, DURANGO, and DOES, through the foregoing acts, caused plaintiff to be wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which detention plaintiff was aware and to which she did not consent.

79. Defendants MORGANTE, CASANOVA, DURANGO, and DOES, committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

80. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

81. Defendants MORGANTE, CASANOVA, DURANGO, and DOES, through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally, and/or recklessly caused plaintiff to experience severe mental and emotional distress, pain, suffering, and damage to name and reputation.

82. Defendants MORGANTE, CASANOVA, DURANGO, and DOES committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## FIFTH CAUSE OF ACTION
### Negligence

83. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

84. Defendants MORGANTE, CASANOVA, DURANGO, and DOES owed plaintiff a duty of care, including the duty to exercise due care in the course of their duties as NYPD officers and the duty to protect citizens from the intentional misconduct of other NYPD officers.

85. Defendants MORGANTE, CASANOVA, DURANGO, and DOES, through the foregoing acts, negligently failed to use due care in the performance of their duties in that they failed to perform their duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

86. All of these acts were performed without any negligence on the part of plaintiff and were the proximate cause of the injuries to plaintiff.

## SIXTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

87. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

88. As police officers acting in the performance of their duties, defendants MORGANTE, CASANOVA, DURANGO, and DOES owed plaintiff a duty of care.

89. In breach of that duty, defendants MORGANTE, CASANOVA, DURANGO, and DOES endangered plaintiff's safety and caused her to fear for her safety.

90. As a result, plaintiff suffered emotional distress.

## SEVENTH CAUSE OF ACTION
### *Respondeat Superior*

91. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

92. At all relevant times, defendants MORGANTE, CASANOVA, DURANGO, and DOES were employees of the City and were acting within the scope of their employment.

93. The City is therefore vicariously liable under the doctrine of *respondeat superior* for the actions of defendants MORGANTE, CASANOVA, DURANGO, and DOES set forth herein.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief against the defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages from Defendants MORGANTE, CASANOVA, DURANGO, and DOES to the extent allowable by law;

(c) attorney's fees;

(d) the costs and disbursements of this action;

(e) interest; and

(f) such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 15, 2016

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH/26 Floor
New York, New York 10016
(212) 490-0400

_____
Joshua S. Moskovitz
Keith M. Szczepanski

*Attorneys for Plaintiff Synead Nichols*

91. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

92. At all relevant times, defendants MORGANTE, CASANOVA, DURANGO, and DOES were employees of the City and were acting within the scope of their employment.

93. The City is therefore vicariously liable under the doctrine of *respondeat superior* for the actions of defendants MORGANTE, CASANOVA, DURANGO, and DOES set forth herein.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief against the defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages from Defendants MORGANTE, CASANOVA, DURANGO, and DOES to the extent allowable by law;

(c) attorney's fees;

(d) the costs and disbursements of this action;

(e) interest; and

(f) such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 15, 2016

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH/26 Floor
New York, New York 10016
(212) 490-0400

_____
Joshua S. Moskovitz
Keith M. Szczepanski

*Attorneys for Plaintiff Synead Nichols*